UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

John Joseph Zubkoff and Christina Zubkoff,     Case No. 05-85877
                                               Chapter 7
                Debtors.                       Hon. Phillip J. Shefferly
_____/

Dry Shave Mountain Nursery,

        Plaintiff,

vs                                             Adv. No. 06-4528

John Joseph Zubkoff and Christina Zubkoff,

        Defendants.
_____/

**ORDER DENYING REQUEST FOR WITHDRAWAL OF ATTORNEY
FOR PLAINTIFF MADE PURSUANT TO STIPULATION**

On April 7, 2006, Plaintiff filed this adversary proceeding. On June 6, 2006, the Court entered a scheduling order that scheduled trial in this adversary proceeding for January 31, 2007 at 9:00 a.m. On January 12, 2007, the Court received a stipulation that was submitted with a proposed order but not filed, entered into between Plaintiff and Defendant to permit Ronald J. Benore, Jr. and Ready, Sullivan & Ready, LLP to withdraw as attorneys for Plaintiff. The stipulation was accompanied by a consent to the withdrawal signed by Anthony Wanamaker that indicated that it was made "on behalf of Plaintiff" although it did not indicate Mr. Wanamaker's relationship to Plaintiff.

L.B.R. 9010-1(g)(1) provides that "an attorney who has appeared on behalf of a party may not withdraw without permission of the Court." The Court has determined to deny the request for withdrawal made in this stipulation for the following reasons. First, the Plaintiff is Dry Shave Mountain Nursery. The complaint does not indicate whether the Plaintiff is a corporation or other business organization. L.B.R. 9010-1(a)(1) provides that "a corporation, partnership, or other entity other than an individual may not file a petition or other pleading, nor appear as a debtor, plaintiff, defendant, or other party in an adversary proceeding, unless it is represented by an attorney . . .". If the stipulation permitting Plaintiff's counsel to withdraw were approved, Plaintiff would be in violation of L.B.R. 9010-1(a)(1). Second, Rule 1.16(b) of the Michigan Rules of Professional Responsibility provides that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interest of the client" or if one of six separately enumerated circumstances exist. The stipulation in this case does not indicate that

withdrawal could be accomplished in this case without a material adverse effect on Plaintiff. The stipulation does not even mention the fact that trial is scheduled for January 31, 2007 and that the stipulation for withdrawal was just submitted on January 12, 2007. Further, the stipulation does not indicate that any one of the six circumstances described in Rule 1.16(b) is present in this case such that the Court would have a basis for permitting the lawyer to withdraw.

Because withdrawal of the Plaintiff's attorney pursuant to the stipulation violates L.B.R. 9010-1(a)(1), and also does not set forth cause for withdrawal nor indicate that withdrawal can be accomplished without material adverse effect on the client as required by Michigan Rules of Professional Responsibility 1.16(b),

IT IS HEREBY ORDERED that the request for withdrawal made by Plaintiff's counsel in the stipulation for withdrawal is denied.

**Signed on January 16, 2007**

              **/s/ Phillip J. Shefferly**
            **Phillip J. Shefferly**
            **United States Bankruptcy Judge**